ERIC GRANT
United States Attorney
CALVIN LEE
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>MARK MARTINEZ,<br>Defendants. | CASE NO. 1:26-CR-00138-EPG<br>DEFERRED PROSECUTION AGREEMENT |

The United States of America, by and through Eric Grnat, the United States Attorney for the Eastern District of California, and Assistant United States Attorney Calvin Lee; Pretrial Services, by and through Pretrial Services Officer Ryan Beckwith; and defendant Mark Martinez (referred to herein as "Martinez") and his attorney, Megan Hopkins, hereby enter into this Deferred Prosecution Agreement (referred to hereinafter as the "Agreement"):

1. This document contains the complete Agreement between the United States Attorney's Office for the Eastern District of California (referred to hereinafter as the "United States") and defendant Martinez regarding this case. This Agreement is limited to the United States Attorney's Office for the Eastern District of California and cannot bind any other federal, state, or local prosecuting, administrative, or regulatory authorities.

2. Defendant Martinez expressly agrees:

a) He will comply with all federal, state, and local laws. He shall immediately

contact his Pretrial Services Officer if arrested and/or questioned by any law enforcement officer;

b) He must reside at a location approved by the pretrial services officer and not change his residence without the prior approval of the pretrial services officer.

c) His travel is restricted to the State of California unless otherwise approved in advance by the pretrial services officer.

d) He is not permitted to return to Sequoia or Kings Canyon National Parks for 12 months during the pendency of this agreement;

e) He must pay the full amount of a bailable fine of $500 and all processing fees for a written citation for a violation of Title 36, Code of Federal Regulations, Section 2.34, in that he did engage in disorderly conduct by fighting, within 30 days of receipt of the written citation, as a result of the defendant's conduct for the offenses committed on or about July 24, 2026.

f) He must submit to drug and/or alcohol testing as approved by the pretrial services officer. He must pay all or part of the costs of testing based on his ability to pay, as determined by the pretrial services officer.

g) He must refrain from the use of alcohol, and any narcotic or other controlled substance without a prescription by a licensed medical practitioner. He must notify pretrial services of any prescribed medication within 48 hours. He must take all prescribed medications. Marijuana use is not permitted.

h) He shall provide proof of enrollment in, complete, and provide proof of completion of a 52-week domestic violence program, as approved by the pretrial services officer.

i) He shall provide proof of enrollment in, complete, and provide proof of completion of a minimum of 12 Alcoholics Anonymous or equivalent program meetings, as approved by the pretrial services officer.

j) He shall not possess, receive or obtain any firearms during the pendency of these proceedings. If the defendant is in possession of any firearms, he shall advise the United States, Pretrial Services, and the Court, and temporarily relinquish possession of those firearms pending successful completion of this agreement. The logistics of the relinquishment shall be determined

in consultation with the United States and Pretrial Services. Six months from the date of this agreement, the Defendant can file a written request to the United States Attorney and the pretrial diversion supervisor requesting reinstatement of his ability to possess a firearm. Upon mutual agreement between the United States Attorney and the pretrial services officer, the parties may modify the special conditions of this Agreement to permit Martinez to possess a firearm.

k) Martinez remains subject to Pretrial Services supervision and will report to and comply with their rules and regulations.

3. In consideration of defendant Martinez's background, his role in the instant offense, and his willingness to: (i) acknowledge responsibility for his conduct, and (ii) demonstrate his future good conduct and full compliance with all federal, state, and local laws; the United States shall recommend to the Court, pursuant to 18 U.S.C. § 3161(h)(2), that prosecution of defendant Martinez on the information be deferred for a period of no more than twelve (12) months. Defendant Martinez shall consent to a motion to be filed by the United States with the Court promptly upon execution of this Agreement, pursuant to 18 U.S.C. § 3161(h)(2), in which the United States will present this Agreement to the Court and move for (i) a continuance of all further criminal proceedings, including trial, for a period of not more than twelve (12) months, (ii) speedy trial exclusion of all time covered by such a continuance, and (iii) approval by the Court of this deferred prosecution.

4. Defendant Martinez further agrees to waive, and does hereby expressly waive, any and all rights to a speedy trial pursuant to the Sixth Amendment of the United States Constitution, Title 18, United States Code, Section 3161, Federal Rule of Criminal Procedure 48(b), and any applicable Local Rules of the United States District Court for the Eastern District of California, for the period of time that this Agreement is in effect.

5. Defendant Martinez hereby further expressly agrees that any applicable statutes of limitations are tolled, and shall not run, for the time-period in which this Agreement is in effect. Defendant Martinez agrees that, if the United States institutes charges following a breach of this Agreement, the time-period in which this Agreement is in effect shall be excluded, and shall not count for purposes of determining the running of any applicable statute of limitations.

6. Defendant Martinez also agrees that, in the event of a breach of this Agreement, the

government will be free to use against defendant, directly and indirectly, in any criminal or civil proceeding, any of the statements, information, and/or materials provided by defendant pursuant to this Agreement.

7. The United States agrees that, if defendant Martinez is in full compliance with all of his obligations under this Agreement, upon the expiration of the twelve (12) month period set forth in paragraph 3 above, within thirty (30) days of the expiration of such time period the United States shall seek dismissal with prejudice, as to defendant Martinez, of the Complaint charging him with violations of Title 18, United States Code, Section 113(a)(4), in that he did assault by striking, beating, or wounding on July 24, 2026; and of Title 36, Code of Federal Regulations, Section 2.31(a)(3), in that he did commit vandalism on July 24, 2026.

8. Defendant Martinez understands that this Agreement to defer prosecution is subject to approval by the Court, in accordance with 18 U.S.C. § 3161(h)(2). Should the Court decline to approve a deferred prosecution for any reason, the United States and defendant Martinez are released from any obligation imposed upon them by this Agreement.

9. Should the United States determine during the term of this Agreement that defendant Martinez has committed any crime commenced subsequent to the date of this Agreement, the defendant shall, in the sole discretion of the United States, thereafter be subject to prosecution for any federal crimes, as well as forfeiture of assets used in and/or divestiture of profits derived from defendant's criminal conduct.

10. This Agreement sets forth all the terms of the Deferred Prosecution Agreement between the United States and defendant Martinez. Other than this Agreement, no agreement, understanding, promise, or condition exists between the United States and defendant Martinez. Nor will any such agreement, understanding, promise, or condition exist unless it is committed to writing and signed by the defendant, counsel for said defendant, and counsel for the United States. This Agreement supersedes any prior promises, agreements, or conditions between the United States and defendant Martinez.

11. This Agreement is freely and voluntarily made and is not the result of force or threats, or of any promises apart from those specifically set forth in this Agreement.

12. Defendant Martinez agrees that this Agreement, and an Order deferring prosecution, shall be publicly filed with the United States District Court for the Eastern District of California, and shall become a part of the record of the case.

**APPROVALS AND SIGNATURES**

a) MARK MARTINEZ: I, Mark Martinez, hereby expressly acknowledge the following: (1) I have read this entire Agreement; (2) I have had an opportunity to discuss this Agreement fully and freely with my attorney; (3) I fully and completely understand each and every one of its terms; (4) I am fully satisfied with the advice and representation provided to me by my attorney; and (5) I have signed this agreement voluntarily.

Dated: *__/s/ Mark Martinez__________________*
MARK MARTINEZ

b) Defense Counsel: The undersigned is counsel for MARK MARTINEZ. In connection with such representation, I acknowledge that: (1) I have discussed this Agreement with my client; (2) I have fully explained each one of the Agreement's terms to my client; (3) I have fully answered each and every question put to me by my client regarding the Agreement; and (4) I believe my client completely understands all of the Agreement's terms.

Dated: *___/s/ Megan Hopkins_________________________*
Megan Hopkins
Attorney for Mark Martinez

c) Attorney for United States: I accept and agree to this Agreement on behalf of the government.

Dated: Eric Grant
United States Attorney

By:_____*/s/ Calvin Lee*____________________
Calvin Lee
Assistant U.S. Attorney

IT IS SO ORDERED.

Dated: **August 24, 2026**

/s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE